ELIZABETH A. MOORE, Individually and as Executrix, etc., of
ALBERT H. MOORE, Deceased, Respondent, v. KITTIE P.
DE GROOTE, Individually and as Executrix, etc., of ALBERT
H. MOORE, Deceased, Appellant.

(Supreme Court, First Department, November 7, 1913.)

DEC̨ DENT'S ESTATE—JURISDICTION OF SUPREME COURT—ADEQUATE RELIEF
IN SURROGATE'S COURT.

The Supreme Court will not take cognizance of a suit for the con-
struction of a will where complete relief can be obtained in the Sur-
rogate's Court. Thus, it will not entertain a suit to determine how a
residuary estate should be divided where the matter may be deter-
mined by the surrogate.

APPEAL by the defendant, Kittie P. De Groote, individually
and as executrix, etc., from an order of the Supreme Court,
made at the New York Special Term and entered in the office
of the clerk of the county of New York on the 19th day of
April, 1913, overruling a demurrer to the complaint and
awarding judgment in plaintiff's favor.

Edwin L. Kalish, for the appellant.

John M. Gardner, for the respondent.

SCOTT, J.—The controversy is between the two executrices
of the last will and testament of Albert H. Moore, deceased,
and the complaint is addressed to the equitable side of the
court, asking a construction of said will. The plaintiff and
defendant, besides being coexecutrices, are colegatees of the
residuary estate. The will contains no trust provisions and
relates only to personal property. The question which per-
plexes the plaintiff is as to how the residuary estate should be

divided when the time for division arrives between the two residuary legatees, a question well within the competency of the Surrogate's Court to determine and which should be left to the determination of that tribunal.

The rule is of quite general application that when complete relief can be obtained in the Surrogate's Court the Supreme Court will refuse to take cognizance of an action, and that before it will do so facts must be set out in the complaint sufficient to show that adequate relief cannot be obtained except in the Supreme Court. (Pyle v. Pyle, 137 App. Div. 571.) No such facts are alleged in the present complaint.

The demurrer was to the jurisdiction of the court, as well as that the complaint stated no facts sufficient to constitute a cause of action, and it is urged that this demurrer is bad because the Supreme Court has jurisdiction of the action if it sees fit to exercise it. This may be true, but the pleading, if insufficient as a demurrer, was good as an appearance, and the case was one in which judgment could not be taken except upon application to the court, and upon that application the defendant was entitled to be heard, and to argue either that the court had no jurisdiction, or, if it had, that it should not exercise it. For the reasons above stated the plaintiff's application for judgment should have been denied.

The order appealed from must, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and judgment directed for the defendant dismissing the complaint, with costs.

INGRAHAM, P. J., LAUGHLIN, DOWLING and HOTCHKISS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and judgment ordered for defendant dismissing complaint, with costs.